# SCHAFFER LAW OFFICES

NOT A PARTNERSHIP
1301 McKINNEY, SUITE 3100
HOUSTON, TEXAS 77010

Randy Schaffer, P.C.
*noguilt@swbell.net*
Josh Schaffer, P.L.L.C.
*josh@joshschafferlaw.com*
Joel Hayter
*joelhayterlaw@gmail.com*

(713) 951-9555
FAX: (713) 951-9854
www.schafferfirm.com

April 21, 2015

Velva Price
Travis County District Clerk
Criminal Justice Center
509 West 11th Street, Suite 1400
Austin, Texas 78701

**VIA FEDERAL EXPRESS**
**NO.: 8043 4350 6618**

RECEIVED IN
COURT OF CRIMINAL APPEALS

APR 24 2015

Abel Acosta, Clerk

Re: Ex parte Jorge Gutierrez
167th District Court
Cause No. D1-DC-10-203162-A

Dear Ms. Price:

Enclosed please find Applicant's Objections To The Trial Court's Findings Of Fact And Conclusions Of Law. Please prepare a supplemental habeas record containing this document and send it to the Court of Criminal Appeals.

Please send me a file-marked copy of this letter indicating the date that you file this document.

Thank you for your assistance.

Sincerely,

Randy Schaffer
Enclosures

RS/aw

cc: Lisa Stewart
Abel Acosta

IN THE 167TH DISTRICT COURT
OF TRAVIS COUNTY, TEXAS

EX PARTE

§

§ CAUSE NO. D1-DC-10-203162-A

JORGE GUTIERREZ

§

## APPLICANT'S OBJECTIONS TO THE TRIAL COURT'S FINDINGS OF FACT AND CONCLUSIONS OF LAW

TO THE HONORABLE COURT OF CRIMINAL APPEALS:

Jorge Gutierrez files Applicant's Objections To The Trial Court's Findings Of Fact And Conclusions Of Law and would show as follows:

I.

## THE TRIAL COURT LACKED JURISDICTION TO ENTER FINDINGS OF FACT AND CONCLUSIONS OF LAW AFTER THE CASE WAS TRANSFERRED TO THIS COURT

This case demonstrates how broken the habeas system is and how easy it is for habeas prosecutors and judges to conduct proceedings without including defense counsel (not to mention *pro se* applicants).

Applicant filed a habeas corpus application, brief, exhibits, and a proposed Order Designating Issues (ODI) with the Travis County District Clerk on February 18, 2015. He requested that the district clerk serve the district attorney in accordance with the statute and provided an extra copy of the documents for the judge.

The judge did not sign the ODI within 35 days, and the district clerk sent the

1

habeas record to this Court on March 26, 2015. The case was docketed under cause number WR-83,072-01. Thus, the trial court lost jurisdiction to take any action in the case on March 26 because it did not sign an ODI and the case was pending in this Court.

The State filed an answer and proposed findings of fact and conclusions of law on March 25, but the habeas prosecutor did not serve applicant or his counsel.[1] Counsel called the Travis County District Attorney's Office on April 3, requested the name of the habeas prosecutor, called her the same day, and asked whether she intended to file an answer. She told him that she had already done so; at his request, her secretary emailed the documents to him that day. Counsel sent a supplement to the habeas application to the district clerk on April 6.

The trial court signed an order adopting the State's proposed findings of fact and conclusions of law on April 9. The district clerk mailed a copy of the order to counsel on April 16, and he received it on April 18.

Counsel did not have an opportunity to request a hearing and/or argument in the trial court or file proposed findings of fact and conclusions of law before the district clerk sent the case to this Court. The trial court signed an order adopting the State's proposed findings and conclusions two weeks after this Court received

---

[1] Neither document contains a certificate of service, and the habeas prosecutor subsequently told counsel that she did not serve him because it is the district clerk's responsibility to do so. One would think that a 27-year appellate prosecutor who also was a briefing attorney for this Court would know that she must serve documents on opposing counsel.

2

and docketed the case. This Court should reject the findings and conclusions because the trial court did not have jurisdiction to make them and the proceeding was conducted in an *ex parte* manner where applicant's counsel was not served with any of the State's pleadings or given the opportunity to be heard.

## II.

## THE EVIDENTIARY ISSUES

Applicant contends that trial counsel performed deficiently in failing to file a motion in limine and object to the lead detective's opinion that he saw no evidence of self-defense, a lay-witness's opinion that this was not applicant's "first rodeo," and a DPS chemist and the prosecutors referring to the deceaseds as the "victims." Applicant also contends that counsel performed deficiently in failing to impeach the key prosecution witness with his prior statements to the police. Counsel provided an affidavit acknowledging that he should have sought rulings on these matters in limine and preserved error for appeal.

The trial court concluded that, even if counsel performed deficiently, "applicant did not suffer any prejudice therefrom given the facts of this offense" (Finding 7). It also found that counsel objected to use of the term "victim" and received a ruling that it was not improper (Finding 8).[2]

---

[2] The trial court cited a case holding that the State's use of the term "victim" during jury argument is not erroneous (Finding 9). This conclusion is irrelevant, as applicant challenged the use of the term during testimony rather than argument.

3

The trial court's finding that counsel made an objection to use of the term "victim" that was overruled is not supported by the record. Counsel approached the bench and said, "I guess it didn't do any good to file a motion in limine because they keep using the word victim victim victim" (7 R.R. 175).[3] The judge responded that counsel had given him a case that did not "say it is improper" but agreed to reread the case. Counsel commented about the use of the term "victim" but did not preserve error for appeal because he did not make a motion in limine, object, or obtain a ruling.

The trial court refused to make findings and conclusions with regard to the allegation that counsel performed deficiently in failing to impeach the key prosecution witness with his prior statements to the police because it was not included in the form habeas application (Finding 5). However, habeas counsel immediately remedied this defect after he received the State's answer by filing a supplement to the application that included the issue.[4]

The trial court's cursory conclusion that, even if counsel performed deficiently with regard to these evidentiary matters, applicant did not suffer any

---

[3] Counsel's motion in limine sought only to exclude "victim impact evidence" during the guilt/innocence stage (C.R. 32). It did not seek to prevent prosecutors and witnesses from referring to the deceaseds as the victims during the testimony.

[4] The district clerk sent the supplemental record to this Court on April 20, 2015. This Court has not received the trial court's order adopting the State's proposed findings and conclusions. Thus, it appears that the district clerk received the supplement to the application before the trial court signed the order.

4

prejudice lacks any legal analysis. For example, the law prohibits a detective from providing his opinion in a murder case that the defendant did not act in self-defense. It is difficult to understand how a defendant who relies on self-defense has not been prejudiced when the detective testifies that he is "open-minded" and will follow any lead in an effort to determine whether a suspect acted in self-defense but did not see any evidence that appeared to be self-defense in this case. The findings and conclusions fail to address the issues raised by applicant.

III.

## THE ERRONEOUS JURY INSTRUCTION

Applicant contends that counsel performed deficiently in failing to object to an incorrect instruction in the court's charge that the jury had to acquit him of capital murder before it could consider the lesser offenses of murder. The State concedes that the instruction was incorrect and that counsel performed deficiently in failing to object to it. State's Answer at 25. The trial court concluded that, even if counsel performed deficiently in failing to object, "applicant did not suffer any prejudice therefrom given the facts of this offense" (Finding 7).

The State contends that "there is no reasonable probability that, but for counsel's failure to object to the single sentence in the court's charge, the result of the proceeding would have been different." State's Answer at 26. The State

5

conveniently ignores the prosecutor's argument regarding this instruction (10 R.R. 22):

> Now, you will also see in the charge only if you find the defendant not guilty of capital murder do you then even consider the offenses of murder. You have to go through that first, ladies and gentlemen. If you find him guilty of capital murder, you don't even consider those next two charges, okay, those next two paragraphs.

The trial court's cursory conclusion that applicant did not suffer any prejudice ignored the prosecutor's emphasis of the erroneous instruction during summation.

## IV.

## CONSTITUTIONALITY OF THE STATUTORY PUNISHMENT SCHEME FOR CAPITAL MURDER

Applicant contends that counsel performed deficiently in failing to challenge the constitutionality of the statutory punishment scheme for capital murder as applied, where it requires a sentence of death or life without parole for a defendant who murdered two persons during the same transaction but also committed one or both murders under the immediate influence of sudden passion arising from an adequate cause.

The trial court concluded that counsel did not perform deficiently in failing to make this challenge because the evidence did not raise sudden passion arising from an adequate cause (Findings 10-12). Applicant has explained in his brief why it did. Applicant's Brief at 23-24. Simply stated, a properly instructed jury could

6

have found that the deceaseds and their companions started a brawl outside a club that led to the fatal shootings.

## V.

## CONCLUSION

This Court should reject the findings of fact and conclusions of law because the trial court lacked jurisdiction to enter them. Assuming *arguendo* that the trial court had jurisdiction, this Court should reject the findings of fact not supported by the record and the erroneous legal conclusions, conduct a proper prejudice analysis, and order a new trial.

Respectfully submitted,

Randy Schaffer
State Bar No. 17724500

1301 McKinney, Suite 3100
Houston, Texas 77010
(713) 951-9555
(713) 951-9854 (facsimile
noguilt@swbell.net

Attorney for Applicant
JORGE GUTIERREZ

7

## CERTIFICATE OF SERVICE

I served a copy of this document on Lisa Stewart, assistant district attorney for Travis County, P.O. Box 1748, Austin, Texas 78767, by United States mail, postage prepaid, on April 22, 2015, even though she did not timely serve a copy of the State's answer and proposed findings of fact and conclusions of law on me.

Randy Schaffer